IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:08CV-891-ORL-22-DAB |
| ) | |
| FOUNTAIN VIEW APARTMENTS, INC., ) | |
| AND MILDRED CHASTAIN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

The United States of America alleges as follows:

### NATURE OF ACTION

1. This is a civil action brought by the United States to enforce the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*. It is brought on behalf of Lewarna Williams, pursuant to Section 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o), and pursuant to Section 814(a) of the Fair Housing Act, 42 U.S.C. § 3614(a).

### JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o) and 3614.

3. Venue is proper under 28 U.S.C. § 1391(b), in that the events giving rise to this action occurred in this judicial district.

## PARTIES

4. Defendant Fountain View Apartments, Inc. is a Florida corporation, whose principal place of business and mailing address is 910 South Volusia Avenue, Orange City, Florida, 32763-3589. James W. Stevens is the sole Officer and Director of Fountain View Apartments, Inc.

5. Fountain View Apartments, Inc. owns and manages Fountain View Apartments, which consists of rental units located at 910 South Volusia Avenue, Orange City, Florida, 32763-3589.

6. The units at Fountain View Apartments are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

7. At all times relevant to this action, Defendant Mildred Chastain served as an agent of Fountain View Apartments, Inc. and participated in the rental of units at Fountain View Apartments. Among other responsibilities, Ms. Chastain provided information to prospective tenants, showed apartments, received rental applications, signed leases as "Landlord," and handled rent payments.

## FACTUAL ALLEGATIONS

8. Complainant Lewarna Williams is a fifty-five-year-old woman of African-American and American Indian descent.

9. On or about December 12, 2007, at approximately 4:00 p.m., Ms. Williams, along with her friend and grandson, visited the leasing office of Fountain View Apartments and inquired about apartment availability. Ms. Williams' friend is an adult African-

2

American female. Ms. Williams' grandson is African-American and was eleven years old at the time.

10. Defendant Chastain was working at the Fountain View Apartments leasing office at 4:00 p.m. on December 12, 2007.

11. Ms. Williams inquired about available apartments, and Defendant Chastain informed her that there were no vacant units. Ms. Williams asked for an application. Defendant Chastain gave Ms. Williams an application, but refused to allow Ms. Williams to submit it, stating that it was unclear when an apartment would next become available.

12. The application contained the notation "ADULTS ONLY" in the space designated for number of children.

13. At all times relevant to this action, leases used at Fountain View Apartments stated: "No children, animals, or other pets are permitted."

14. Defendant Chastain told Ms. Williams that the cost to move in would be $1,600-$1,800.

15. At least one apartment was vacant and available on December 12, 2007. That apartment rented for $600 per month. Along with an $800 security deposit and a $35 background check fee, the total cost to move in was $1,435.

16. The Defendants regularly reduce or defer move-in payments such as security deposits.

17. On or about December 12, 2007, at approximately 4:38 p.m., Ms. Williams' friend called the Fountain View Apartments to request information about apartment availability. The female agent informed her that apartments were available. The agent

also disclosed pricing information and set up an appointment to show the available unit(s).

18. On or about January 3, 2008, and January 31, 2008, a local television station conducted a series of tests to evaluate the Defendants' compliance with the Fair Housing Act. Testing is a simulation of a housing transaction that compares responses given by housing providers to different types of apartment-seekers to determine whether illegal discrimination is occurring. The testing undertaken by the television station revealed that the Defendants were engaging in housing practices that discriminate on the basis of race or color at Fountain View Apartments by:

   a. Telling white persons that a selling point of the apartment complex is that they do not have any black residents;

   b. Denying the availability of apartments to African-American persons while at the same time telling white persons about available apartments;

   c. Refusing to show apartments to African-American persons while at the same time showing apartments to white persons; and

   d. Discouraging African-American persons from applying for an apartment while encouraging white persons to apply.

19. On or about February 8, 2008, Ms. Williams filed a timely complaint with the United States Department of Housing and Urban Development ("HUD"), pursuant to the Fair Housing Act, alleging discrimination on the basis of race, color, and familial status.

20. On or about February 22, 2008, Ms. Williams amended the complaint to include

allegations of discriminatory advertising, statements, and notices.

21. Pursuant to 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that illegal discriminatory housing practices had occurred. Therefore, on April 28, 2008, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the Defendants with engaging in discriminatory practices in violation of the Fair Housing Act.

22. On or about May 5, 2008, Ms. Williams elected to have the claims asserted in the HUD's Charge of Discrimination resolved in a civil action pursuant to 42 U.S.C. § 3612(a).

23. On or about May 8, 2008, the Chief Administrative Law Judge issued a Notice of Election and Judicial Determination and terminated the administrative proceeding on Ms. Williams' complaint.

24. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

## COUNT I

25. The Defendants, through the above-referenced actions, have:

   a. Discriminated against the Complainant by refusing to rent, negotiate for the rental of, or by otherwise making available or denying dwellings to persons

because of race or color in violation of 42 U.S.C. § 3604(a);

b. Discriminated against the Complainant in the terms, conditions, or privileges of rental, or in the provision of services or facilities in connection therewith, because of race or color in violation of 42 U.S.C. § 3604(b);

c. Discriminated against the Complainant by making, or causing to be made, statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c); and

d. Discriminated against the Complainant by representing to her because of race or color that dwellings were not available for rental when such dwellings were in fact so available, in violation of 42 U.S.C. § 3604(d).

26. Ms. Williams is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and suffered injuries as a result of the Defendants' discriminatory conduct.

27. The Defendants' actions and statements described in the preceding paragraphs were intentional, willful, and taken in disregard for the rights of Ms. Williams.

## COUNT II

28. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1-27, above.

29. The Defendants' discrimination on the basis of race or color, as described above, constitutes:

    a.    A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*; or

    b.    A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, which raises an issue of general public importance.

30. In addition to Ms. Williams, there may be other victims of the Defendants' discriminatory actions and practices who are "aggrieved persons" as defined in 42 U.S.C. § 3602(i). These persons may have suffered damages as a result of the Defendants' discriminatory conduct.

31. The Defendants' actions and statements described above were intentional, willful, and taken in disregard for the rights of others.

## COUNT III

32. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1-27, above.

33. The Defendants' discrimination on the basis of familial status, as described above, constitutes:

    a.    A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*; or

    b.    A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, which raises an issue of general public importance.

34. In addition to Ms. Williams, there may be other victims of the Defendants' discriminatory actions and practices who are "aggrieved persons" as defined in 42

U.S.C. § 3602(i). These persons may have suffered damages as a result of the Defendants' discriminatory conduct.

35. The Defendants' actions and statements described in the preceding paragraphs were intentional, willful, and taken in disregard for the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that the Defendants' discriminatory policies and practices as set forth above violate the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*;

2. Enjoins the Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from discriminating on the basis of race, color, or familial status, in violation of the Fair Housing Act;

3. Awards monetary damages to Ms. Williams and each person injured by the Defendants' conduct, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3614(d)(1)(B); and

4. Assesses a civil penalty against the Defendants in the amount authorized by 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

Dated: 6|4, 2008

                                                MICHAEL B. MUKASEY
                                                Attorney General

ROBERT E. O'NEILL  
United States Attorney  
Middle District of Florida  

WARREN ZIMMERMAN  
Civil Chief  
SCOTT H. PARK  
Assistant United States Attorney  
501 W. Church Street, Suite 300  
Orlando, FL 32805  
Tel: (407) 648-7500  
Fax: (407) 648-7588  
scott.park@usdoj.gov  

GRACE CHUNG BECKER  
Acting Assistant Attorney General  
Civil Rights Division  

STEVEN H. ROSENBAUM  
Chief, Housing and Civil  
Enforcement Section  
Civil Rights Division  

MICHAEL S. MAURER  
Deputy Chief  
KATE S. ELENGOLD  
Trial Counsel  
United States Department of Justice  
Civil Rights Division  
Housing and Civil Enforcement Section  
950 Pennsylvania Avenue, N.W.  
Northwestern Building, 7th Floor  
Washington, DC 20530  
Tel: (202) 514-4713  
Fax: (202) 514-1116  
Kate.Elengold@usdoj.gov